## BURKE v. HYDE CORPORATION.

### No. 14541.

Court of Civil Appeals of Texas.
Fort Worth.

July 9, 1943.

Lem Billingsley, of Fort Worth, for appellant.

W. H. Tolbert, of Fort Worth, for appellee.

McDONALD, Chief Justice.

This suit was filed on July 28, 1942, by Hyde Corporation, to recover an alleged balance on two promissory notes given by defendant as part of the purchase price of two truck trailers, and to foreclose chattel mortgages on the trailers. Defendant, Jim Burke, answered, admitting the execution of the two notes, and admitting an unpaid balance owing on the notes, but less, however, than that alleged by plaintiff. By way of cross-action defendant claimed damages because of alleged defects in the trailers.

Trial was had without a jury on February 2, 1943, resulting in judgment for plaintiff for its alleged debt, and foreclosure, and against defendant on his cross-action. Defendant has appealed, relying upon three points of error.

Defendant urges that no judgment should have been rendered against him, upon debt and foreclosure, in view of the relief he sought under the Soldiers' and Sailors' Civil Relief Act of 1940, and the Soldiers' and Sailors' Civil Relief Act Amendments of 1942, 50 U.S.C.A.Appendix, § 501 et seq., and 50 U.S.C.A.Appendix, § 501 note, 513 et seq.

In his brief defendant states that the case was twice set for trial before February 2, 1943, and that the trial was each time postponed without any formal orders being entered by the court, and that the case was again set down for trial on February 2, 1943. On the last mentioned date defendant caused to be filed a motion, verified upon information and belief by his attorney of record, which is in substance as follows: That the defendant was inducted into the United States Army "some weeks ago"; that he is now in an Army Hospital at Fort Knox, Kentucky, and has been in such hospital for practically the entire time that he has been in the Army; that he is suffering from a dislocated kidney and that the Army authorities desire that he submit to an operation before discharging him from the Army for physical reasons; that the testimony of the defendant is material, both as to the principal cause of action and as to the cross-action; that his defense is that the trailers were defective; that he is the only person who knows directly about the trailers; that his presence is necessary to the trial. It is further set out that the case was set for trial early in the Fall of 1942, and that at that time the defendant was "negotiating and reporting, or getting ready to report

to the proper Draft Board of the United States Army, and could not be present", and that the case was later set for trial on January 2, 1943, "and at that time, it was reported to this trial court that defendant, Jim Burke, had been inducted into the Army and was at some United States Army Camp and could not be present for the trial". The motion further recites that the case was then set by the trial court for trial on February 2, 1943. The motion further recites that the defendant through his attorney "pleads" all relief under the Soldiers' and Sailors' Civil Relief Act of 1940, as amended. It concludes with other recitals not necessary to notice.

It appears from the record before us that the defendant deposited in the registry of the court sufficient moneys to satisfy plaintiff's demands if judgment should be for plaintiff.

Plaintiff contends, in support of the judgment rendered, that the deposit of the money in court demonstrates that the ability of the defendant to pay the judgment has not been impaired by his entry into the military service, that the record does not reveal when or where defendant entered the military service, and that the Relief Act applies only to suits commenced during the period of military service. Plaintiff relies upon the language of Section 302 of the Act. Regardless of the proper interpretation to be given that section, it seems to us that Section 201 of the Act is applicable here. The latter section reads as follows: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

■ The section of the Act just quoted is considered in Boone v. Lightner, 63 S.Ct. 1223, 1229, 87 L.Ed. ——. There it is said, in substance, that a continuance of the cause is not required merely upon the showing that the party is in the military service. The Act makes no express provision as to who must carry the burden of showing that a party will or will not be prejudiced, says the Supreme Court, leaving to the trial court a judicial discretion in the matter. The Act does not require findings by the trial court, and requires only "that the court be of opinion that ability to defend is not materially affected by military service". It is to be noted that section 201 applies not only to defendants, but also to plaintiffs in the military service.

■ The order of the trial court overruling the motion for a continuance implies a finding upon the part of the trial court, there being no express findings in the record, that the trial court was of opinion that Burke's military service did not materially affect his ability to defend the litigation or prosecute his cross-action.

■ The only source of information available to the trial court, according to the record before us, was the motion filed by the defendant, which stated that he was in the Army hospital at Fort Knox, that he was the only person who knew some of the material facts, and that he could not be present at the trial. There was no testimony nor showing of any kind to the contrary. We do not believe that the ordinary rules governing motions for continuance are necessarily applicable in a case governed by the terms of the Soldiers' and Sailors' Civil Relief Act. Very likely the only showing that can be made to the trial court will be the statement, or affidavit based upon information and belief, of the soldier's lawyer or other representative. He may be in a distant land, or, as in this case, in an army hospital, and not be able to communicate satisfactorily with those at home. Before compelling a trial, the court should be reasonably certain that the rights of the absent soldier are not prejudiced by the fact of his absence. The discretion of the trial court is great, but his opinion must be based upon some character of showing made to him. The language of Section 201 is that the action "shall" be stayed, upon application, unless the court be of opinion that the ability of the plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service. This provision is intended to cover a situation different from that covered by Section 302, relating to the ability of the defendant to comply with the terms of an obligation.

■ We find nothing in the record before us upon which could be based a be-

lief that the defendant is merely seeking to delay the payment of an obligation upon the excuse that he is in the military service. He has deposited in the registry of the court a sum of money sufficient to satisfy the plaintiff's notes if it be found that plaintiff is entitled to recover. It may be possible that the plaintiff will have to forego collecting the notes until defendant's military service has terminated, but on the other hand, defendant will have lost the use of the money deposited in court if it be finally adjudged that plaintiff is not entitled to recover. The hardship caused by the unfortunate circumstance of war is no greater in the one case than in the other.

We are of opinion that the judgment should be reversed, and that the cause should be remanded for further proceedings, in which the trial court should determine from such showing as may properly be made whether the defendant's ability to conduct his defense, and his cross-action, is materially affected by his military service. What is said in Boone v. Lightner, supra, will doubtless be of assistance to the trial court in such respect. Numerous citations of decisions construing the Relief Act will also be found in annotations in 9 A.L.R. 81, 130 A.L.R. 774, 137 A.L.R. 451, 140 A.L.R. 1509, 141 A.L.R. 1515, 142 A.L.R. 1514, 143 A.L.R. 1525 and 144 A.L.R. 1511. Our decision in Erback v. Donald, 170 S.W.2d 289, writ of error refused, W.O.M., is not in point, because we there held that the Soldiers' and Sailors' Civil Relief Act was not applicable to the obligation sued upon.

Reversed and remanded.