**In the Matter of Sherrill Joseph FRANKS, a delinquent child, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 8195.**

Court of Civil Appeals of Texas, Texarkana.

Aug. 28, 1973.

Thomas G. Roberts, Carthage, for appellant.

Bobby J. Phillips, Carthage, for appellee.

RAY, Justice.

This case concerns the revocation of probation of Sherrill Joseph Franks. Franks was adjudged a juvenile delinquent on March 24, 1972, by the Juvenile Court of Panola County, and placed on active probation. On the 18th day of September 1972, the Court determined that Franks had violated his probation but had made some improvement in his general demeanor and again placed him on probation with supplementary probational requirements. On March 13, 1973, the county attorney of Panola County filed a petition seeking to revoke the juvenile's probation. The hearing was set for 9:00 A.M. on March 16, 1973, and a warrant was issued to the Sheriff of Panola County to bring Franks before the Juvenile Court. No notice was issued to Sherrill Joseph Franks of the

matters that were to be considered at his revocation proceeding. Thereafter, the Court appointed an attorney to represent Franks and the attorney filed a motion on March 15, 1973, to have the juvenile released on the basis that the Court was without jurisdiction to hear the matter since Franks had at no time been served with citation or notice and that no guardian ad litem had been appointed for Franks for the revocation hearing. The Court overruled the motion and proceeded to hear the case on the 16th day of March, 1973, and on the same day revoked the probation of Sherrill Joseph Franks.

Appellant brings forward four points of error urging that the trial court committed error in revoking the probation of Franks for the reason that Franks was not served with process "for the revocation of probation hearing"; that Franks was not served with process at the time he was originally declared a juvenile delinquent; that no guardian ad litem was appointed for Franks for the March 16, 1973, hearing; and, that the trial court erred in proceeding to hear the motion for revocation in less than ten days when no waiver of such time for preparation had been signed by the juvenile and his attorney.

■ Appellant's points of error are sustained. The State filed no brief in this case and therefore the statements made by appellant in his brief as to the facts and the record are accepted by this Court as correct. Rule 419, Tex.R.Civ.P.

■ The Texas Civil Judicial Council has prepared a "Manual for Texas Juvenile Court Judges." The manual was purportedly issued to all juvenile judges in January of 1973. Section 1.07.2 of the manual quickly points out that in addition to Sec. 8 of Art. 2338—1, Vernon's Ann. Civ.St., regarding notice, the case of In Re Gault, 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428 (1967), requires that a written summons addressed to a peace officer shall be personally delivered to the parent, guardian or person having custody of the child who is summoned; that the contents of the summons include the time of the hearing, the place of the hearing, and an order to the person or persons who have custody or control of the child to appear personally and bring the child to the hearing; and that a copy of the petition should be attached to the summons or the allegations of the petition copied onto the summons. In a revocation of probation case we hold that it is necessary that the notice of the hearing set out the manner or terms of the probation which have been violated in order that the child and his attorney can be apprised of the alleged violations and prepare such defense as may seem necessary. Notice must be personally served upon the minor. State v. Casanova, 494 S.W.2d 812 (Tex.Sup.1973). While the Casanova case dealt with service of process to declare Jose Casanova a juvenile delinquent, we hold that similar service of process is required to revoke the probation of one already declared to be a juvenile delinquent. This is so because no person may be deprived of his liberty without due process of law. Due process requires adequate notice, the right to be represented by counsel, and a chance to be heard and to present such defenses as may be available. Campbell v. State, 456 S.W.2d 918 (Tex. Crim.App.1970); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

■ In a proceeding to declare a child a juvenile delinquent, (Art. 2338—1, Sec. 7–B(c), Tex.Rev.Civ. Statutes), counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the child alleged to be a delinquent child. We hold that the same rule applies when the State seeks to revoke the probation of a juvenile delinquent. In Re Gault, supra; Morrissey v. Brewer, supra.

Rule 173, Tex.R.Civ.P., has been interpreted to mean that a guardian ad litem must be appointed in every juvenile case, whether the juvenile requests one or not. Failure to do so is reversible error on appeal. Felder v. State, 463 S.W.2d 272 (Tex.Civ.App. Houston 14th District 1971, writ ref'd, n. r. e.); Sec. 1.08.2, Manual for Texas Juvenile Court Judges.

The judgment of the trial court is reversed and rendered and Sherrill Joseph Franks is ordered released from the custody of the Texas Youth Council.