Joseph C. BOND, Appellant,

v.

Geneva BOND, Appellee.

No. 4957.

Court of Civil Appeals of Texas, Eastland.

Nov. 10, 1976.

Rehearing Denied Jan. 6, 1977.

Second Rehearing Denied Jan. 27, 1977.

---

Les Mendelsohn, San Antonio, for appellant.

Leonard J. Gittinger, Jr., Gittinger & Gittinger, San Antonio, for appellee.

RALEIGH BROWN, Justice.

This is a divorce case. Geneva E. Bond was granted a divorce from Joseph C. Bond, together with a division of community property and an award of attorney's fees. Joseph Bond appeals. We reverse and remand.

Appellant argues the trial court erred in overruling his second motion for continuance as a matter of law because his military service prevented his appearance. He claimed the benefits afforded by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.App. § 521, which provides:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court

in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act . . . unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service . . . ."

To determine whether a continuance should be granted in Soldiers' and Sailors' Act cases, Texas follows the rule as stated in *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677 (1956):

" . . . The trial court is given a wide discretion in determining whether a stay should be granted under the circumstances of a particular case and in deciding which party should carry the burden of proof on the issue of prejudice. See *Boone v. Lightner*, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587."

The court in *Roark v. Roark*, 201 S.W.2d 862 (Tex.Civ.App.—Dallas 1947, no writ), considering § 521 and its applicability in a divorce case, said:

"Under this section of the Act it will be seen that a person in military service is entitled as a matter of right to a stay of proceedings in a cause in which he is a party, upon showing that he is in military service, . . . unless the opposing side or party shall make it appear that defendant's ability to prosecute or defend is not materially impaired by such military service. There can be no question here that the ability of the defendant to conduct his defense in this cause is materially affected by reason of his military service, and to deprive him of the rights guaranteed him under the Soldiers' and Sailors' Act, in absence of proof that his military service is used as a shield for defense or instrument of oppression, is an abuse of judicial discretion in the court's refusing the stay or continuance of the trial . . . ."

See also *Becknell v. D'Angelo*, 506 S.W.2d 688 (Tex.Civ.App.—Fort Worth 1974, writ dism'd); *Ulmer v. Mackey*, 242 S.W.2d 679 (Tex.Civ.App.—Fort Worth 1951, writ ref.

n.r.e.); and *Burke v. Hyde Corporation*, 173 S.W.2d 364 (Tex.Civ.App.—Fort Worth 1943, no writ).

■ Appellant states in his brief there was no evidence submitted to or admitted by the trial court on considering his motion for continuance other than the motion itself. The appellee does not challenge this statement and the statement of facts does not include matters presented at the hearing on the motion. Appellant's unchallenged statement as to the record is accepted by this court as correct. Rule 419, T.R.C.P.; *Franks v. State,* 498 S.W.2d 516 (Tex. Civ.App.—Texarkana 1973, no writ).

Appellant's application for continuance substantially complied with Rule 251, T.R.C.P. The affidavit supporting the application was in compliance with Rule 14, T.R.C.P. It affirmed (1) appellant was to retire from the Air Force August 31, 1975, and the trial was to be August 15, 1975; and (2) appellant was ordered to remain at the base until retirement.

■ We recognize it is settled law that the matter of granting a continuance rests with the discretion of the trial judge and his order will not be disturbed on appeal unless there was an abuse of discretion. *Hernandez v. Heldenfels*, 374 S.W.2d 196 (Tex.1963).

■ The record establishes a restricted member of the Air Force sought a continuance of his divorce trial for a period of approximately two weeks. Following the two weeks, he would no longer have the benefits of the Soldiers' and Sailors' Relief Act. We hold the trial court's failure to grant appellant's second motion for continuance was an abuse of discretion. This holding makes it unnecessary for us to consider the other points of error.

The judgment is reversed and the cause remanded.

### ON MOTION FOR REHEARING

Appellee now responds to appellant's statement in his reply brief, which this court granted permission to file, that no evidence was submitted to or admitted by the trial court on considering appellee's motion for continuance other than the motion itself, by saying:

" . . . the Trial Judge did in fact have before him the full Court's Jacket concerning all of the pleadings and documents, request for admissions, Motions, Orders and Agreements theretofore filed in the case and further that Appellee's counsel delivered to the Trial Judge the Citation with Petition attached issued out of the Circuit Court of Champaign County, Illinois, in the divorce cause commenced by the Appellant against the Appellee in such State. He also received information from counsel concerning the status of the Illinois case, the status of the Appellee, and arguments of counsel for both parties. . . "

This statement does not directly challenge the statement made by appellant in his reply brief and affirmatively shows no *evidence* was presented at the hearing. We accept the statement of appellant as correct. Rule 419, T.R.C.P.; *Biscamp v. Zeno Carpet Company*, 473 S.W.2d 218 (Tex.Civ. App.—Beaumont 1971, no writ).

■ Appellee also argues Rule 419, T.R.C.P., is applicable only to statements made by appellant in his "original" brief. The language contained in the rule refers to statements made by an appellant in his "original" brief. We hold, however, that Rule 419, permits the court to accept as correct an unchallenged statement as to the facts or record made by an appellant in a subsequent brief. This interpretation is consistent with the purpose and intent of Rule 419.

We find nothing to cause us to change the judgment heretofore entered. The motion for rehearing is overruled.