James M. STRONG, III & d/b/a Strong
Auto Service, Appellant,

v.

POTOMAC LEASING
COMPANY, Appellee.

No. 05–86–00147–CV.

Court of Appeals of Texas,
Dallas.

Dec. 3, 1986.

Rehearing Denied Jan. 12, 1987.

Richard B. Tanner, Addison, for appellant.

Edward M. Benline, Matthew M. Julius, Dallas, for appellee.

Before STEPHENS, McCRAW and MITCHELL, JJ.

STEPHENS, Justice.

James M. Strong, III (Strong) appeals from a summary judgment granted in favor of Potomac Leasing Company (Potomac). In four points of error Strong asserts that the trial court erred: (1) in overruling his motion for new trial because of his rights under the Soldiers' and Sailors' Civil Relief Act; (2) in granting summary judgment because there was insufficient summary judgment evidence; (3) by con-

ducting a hearing on Potomac's motion for summary judgment with less than three days notice to his attorney; and (4) by conducting a hearing on Potomac's prayer for attorneys fees with less than three days notice to his attorney. We disagree with each of Strong's points of error; consequently, we affirm the summary judgment entered by the trial court.

The record reflects that on April 11, 1985, Potomac Leasing Company filed suit against James M. Strong, III alleging that Strong had breached a lease agreement he entered into with Potomac. Strong answered by general denial. Potomac served requests for admissions and written interrogatories upon Strong and Strong's counsel, which were not timely answered. Potomac filed a motion for summary judgment asserting that the requests for admissions were deemed admitted by Strong. The hearing on Potomac's motion for summary judgment was set for September 4, 1985. Strong then answered the requests for admissions and interrogatories and filed them of record August 16, 1985. By agreement of the parties, the summary judgment hearing was reset for November 1, 1985. The trial court, sua sponte, reset the summary judgment hearing to November 6, 1985. The hearing was held and summary judgment was granted in favor of Potomac. Strong did not appear at the summary judgment hearing and did not file an answer to Potomac's motion for summary judgment prior to November 6, 1985.

In his first point of error Strong argues that the trial court erred in overruling his motion for new trial because of his rights under the Soldiers' and Sailors' Civil Relief Act. At the January 10, 1986 hearing on Strong's motion for new trial, counsel for Strong testified that he received Potomac's requests for admissions and written interrogatories in the middle of June 1985; that on about June 20, 1985 he was on active duty outside the United States with the United States Army; that when he returned to Dallas, Strong was out of the city on active duty; and that he reached an oral agreement with counsel for Potomac that the requests for admissions and written interrogatories could be filed late. Strong contends that due to the circumstances stated above, he is entitled to a new trial under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. App. § 521 (1981).

The record does not reflect whether Strong served in the United States Marine Corps or in the United States Air Force as a member, entitling him to claim relief under the Soldiers' and Sailors' Act, or as a civilian, not entitling him to claim any relief pursuant to the Act. Strong testified at the motion for new trial hearing only that he was *"employed* by the United States Marine Corps and the United States Air Force" (emphasis added). We assume, arguendo, that Strong was a member of either the Air Force or the Marines.

Section 521 of the Soldiers' and Sailors' Civil Relief Act states:

> At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [sections 501 to 591 of this Appendix], unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.

50 U.S.C.A. App. § 521 (1981). In support of his contention that under § 521 he is entitled to a new trial, Strong cites *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677 (1956); *Bond v. Bond*, 547 S.W.2d 43 (Tex. Civ.App.—Eastland 1977, writ ref'd n.r.e.); *Ulmer v. Mackey*, 242 S.W.2d 679 (Tex.Civ. App.—Fort Worth 1951, writ ref'd n.r.e.); *Roark v. Roark*, 201 S.W.2d 862 (Tex.Civ. App.—Dallas 1947, no writ); and *Burke v. Hyde Corporation*, 173 S.W.2d 364 (Tex. Civ.App.—Fort Worth 1943, no writ.). These cases are not on point. In each of the cases relied on by Strong, the party

seeking a stay pursuant to section 521 of the Soliders' and Sailors' Civil Relief Act filed either a motion to stay proceedings or a motion for a continuance. In the case at bar, Strong neither filed a motion for a continuance nor a motion to stay proceedings. There are no facts in the record showing that the trial court was informed of Strong's active duty prior to his December 6 filing of his motion for new trial.

 The trial court is given wide discretion in determining whether a stay should be granted in Soldiers' and Sailors' Act cases. *See Bond v. Bond,* 547 S.W.2d 43 (Tex.Civ.App.—Eastland 1976, writ dism'd). In view of the fact that no motion for a continuance or motion to stay the proceedings was made by Strong and the fact that the record contains no evidence that the trial court was informed of Strong's alleged active duty prior to his motion for new trial, we hold that the trial court had before it no basis for exercising its discretion on the issue of whether to stay the proceedings. Therefore, there was no abuse of discretion.

Furthermore, the trial court did not err in overruling Strong's motion for new trial because section 521 of the Soldiers' and Sailors' Act does not automatically entitle a party to a new trial but instead simply allows a party to move for a stay of the proceedings in certain circumstances. *See Sharp v. Grip Nut Co.,* 116 Ind.App. 106, 62 N.E.2d 774 (1945). Strong's first point of error is overruled.

 In his second point of error Strong argues that the trial court erred in granting summary judgment because the evidence was insufficient to support Potomac's motion for summary judgment. This contention is wholly frivolous. Strong did not file an answer to Potomac's motion for summary judgment. Strong never filed a motion requesting the trial court to disregard the deemed admissions due to an alleged oral agreement between counsel for the parties that the answers to said admissions could be filed late. The evidence before the trial court at the summary judgment hearing therefore included the unanswered, written interrogatories and requests for admissions which were deemed admitted as a matter of law. In the absence of an answer to Potomac's motion for summary judgment, the summary judgment evidence was sufficient to support the trial court's judgment that there was no genuine issue of material fact and that Potomac was entitled to judgment as a matter of law under Texas Rules of Civil Procedure 166-A(c). Strong's second point of error is overruled.

 In his third and fourth points of error Strong contends that the trial court committed reversible error by conducting a hearing on Potomac's motion for summary judgment and prayer for attorneys' fees with less than three days notice to his attorney.

The summary judgment granted by the trial court on November 6, 1985 recites that Strong was properly served with the motion for summary judgment and was properly notified that in the event Potomac's motion for summary judgment was granted there would be an immediate trial as to attorneys' fees. This recitation is prima facie evidence of proper notice and must be accepted as true in the absence of proof to the contrary. *Roberts v. Mullen,* 417 S.W.2d 74, 78 (Tex.Civ.App.—Dallas), *aff'd,* 423 S.W.2d 576 (Tex.1968). Strong has not pointed to evidence in the record rebutting the recital contained in the judgment. We have reviewed the record and find no such evidence. Strong's third and fourth points of error are overruled.

The judgment of the trial court is affirmed.