NUMBER 13-06-00280-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


IN THE MATTER OF J.A.S., III, A JUVENILE

 



On appeal from the 206th District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza


 

 Appellant, J.A.S. III, a juvenile, pleaded guilty to the offenses of possession of
marihuana, a third-degree felony, and possession of marihuana in a drug-free zone, a
class A misdemeanor. See Tex. Health & Safety Code Ann. § 481.121(a), (b)(4) (Vernon
2003); § 481.134(f) (Vernon Supp. 2008). On October 13, 2005, the trial court placed
appellant on probation with outside placement at the Gulf Coast Trades Center ("Gulf
Coast"). 

 On December 5, 2005, the State filed a petition to modify the trial court's October
13, 2005 disposition. In this motion, the State alleged that appellant "violated Condition
No. 22 of his probation which read, 'The child shall abide by the rules and regulations of
Gulf Coast Trade[s] Center.', [sic] in that the said [appellant] on or about the 28TH day of
NOVEMBER, A.D., 2005, was unsuccessfully terminated from Gulf Coast Trade[s] Center
. . . ." The State requested that the trial court commit appellant to the Texas Youth
Commission ("TYC") for a period of time not to exceed his twenty-first birthday. On
January 12, 2006, appellant filed a motion to set aside the State's petition to modify
disposition, asserting that the State failed to state, with reasonable particularity, the time,
place, and manner of the alleged probation violations and that the motion did not provide
him with sufficient notice to prepare a defense. 

 On January 17, 2006, the State filed its first amended petition to modify disposition,
contending that "the circumstances regarding the conditions of probation have materially
changed in that the said child was unsuccessfully terminated from placement on November
28, 2005." Appellant subsequently filed a supplemental motion to set aside the State's
amended petition, asserting virtually the same arguments as contained in his original
motion to set aside the State's petition to modify disposition. 

 At a hearing conducted on January 31, 2006, the trial court heard evidence
pertaining to the State's petition to modify the trial court's October 13, 2005 disposition. 
The trial court denied appellant's motion to set aside, concluded that appellant had violated
the terms and conditions of his probation, and committed him to the TYC for an
indeterminate sentence. Appellant filed a motion for new trial on February 3, 2006, which,
after a hearing, was denied. By two issues, appellant contends that: (1) the trial court
erred in denying his motion to set aside the State's motion to modify because the State's
motion was unconstitutionally vague; and (2) the trial court erred by allowing testimony
pertaining to the alleged violations occurring at Gulf Coast by those who did not have
personal knowledge of the alleged violations, in violation of the Confrontation Clause and
the hearsay rule. We affirm. 

I. Standard of Review


 Juvenile courts are vested with broad discretion in determining whether to modify
the disposition of children found to have engaged in delinquent conduct. (1) In re C.S., 198
S.W.3d 855, 857 (Tex. App.-Dallas 2006, no pet.); In re P.L., 106 S.W.3d 334, 337 (Tex.
App.-Dallas 2003, no pet.). In reviewing an order modifying the disposition, we examine
the entire record to determine whether the trial court acted unreasonably or arbitrarily or
without reference to any guiding rules or principles. In re C.S., 198 S.W.3d at 857; In re
P.L., 106 S.W.3d at 337.

 Under section 54.05(f) of the Texas Family Code, the trial court may modify a
disposition to commit a child to TYC if, after a hearing, it finds by a preponderance of the
evidence that the child violated a reasonable and lawful order of the court. Tex. Fam. Code
Ann. § 54.05(f) (Vernon Supp. 2008); In re J.M., 133 S.W.3d 721, 724 (Tex. App.-Corpus
Christi 2003, no pet.).

II. Analysis


A. The State's Petition to Modify and Reasonable Notice


 In his first issue on appeal, appellant argues that the trial court erred in denying his
motion to set aside the State's petition to modify. Specifically, appellant contends that the
State's petition to modify was unconstitutionally vague and deprived him of due process
because it failed to delineate, with reasonable particularity, the time, place, and manner
of the acts alleged and the penal law or standard of conduct allegedly violated. See Tex.
Fam. Code Ann. § 53.04 (Vernon 2002). We disagree.

 1. Applicable Law


 "The [Texas] Legislature [has] provided different rules for different stages of a
juvenile proceeding." In re J.P., 136 S.W.3d 629, 630 (Tex. 2004). The Legislature has
provided that a petition at the adjudication stage of a juvenile proceeding must state "with
reasonable particularity the time, place, and manner of the acts alleged." Tex Fam. Code
Ann. § 53.04(d)(1). The allegations in a petition at the adjudication phase of a juvenile
proceeding need not be as particular as a criminal indictment so long as the allegations are
reasonable and definite. See M.A.V. v. Webb County Court at Law, 842 S.W.2d 739, 745
(Tex. App.-San Antonio 1992, writ denied); see also In re F.C., No. 03-02-00463-CV, 2003
Tex. App. LEXIS 4709, at *4 (Tex. App.-Austin June 5, 2003, no pet.) (mem. op.). 
Additionally, a petition at the adjudication phase of a juvenile proceeding need not recite
evidentiary facts unless they are essential to proper notice. See In re B.P.H., 83 S.W.3d
400, 405 (Tex. App.-Fort Worth 2002, no pet.); see also In re F.C., 2003 Tex. App. LEXIS
4709, at *4.

 In contrast to the pleading requirements at the adjudication stage, the Legislature
has not imposed specific requirements on a petition at the disposition modification stage
of a juvenile proceeding. See Tex. Fam. Code Ann. § 54.05(d) (Vernon Supp. 2008); see
also In re J.P., No. 04-07-00612-CV, 2008 Tex. App. LEXIS 7780, at *7 (Tex. App.-San
Antonio Oct. 15, 2008, no pet. h.) (mem. op.). The relevant statute, section 54.05(d) of the
family code, provides that "[a] hearing to modify disposition shall be held on the petition of
the child . . . or on the petition of the state, a probation officer, or the court itself." Tex. Fam.
Code Ann. § 54.05(d). "Reasonable notice of a hearing to modify disposition shall be given
to all parties." Id. Therefore, the pleading requirements for a petition to modify disposition
are less stringent than the pleading requirements for a petition for adjudication. See id.;
see also In re J.P., 2008 Tex. App. LEXIS 7780, at *8.

 In determining whether a party received reasonable notice, several Texas courts
have held that when a child's attorney appears, does not file a motion for continuance, and
the child and parents are present and fully advised by the court as to the issues before the
court, reasonable notice is presumed. See, e.g., In re J.M., No. 2-05-180-CV, 2005 Tex.
App. LEXIS 9708, at *7 (Tex. App.-Fort Worth Nov. 17, 2005, no pet.) (mem. op.); In re
T.E., No. 03-04-00590-CV, 2005 Tex. App. LEXIS 5266, at *5 (Tex. App.-Austin July 7,
2005, no pet.) (mem. op.) (citing In re B.N., No. 03-98-575-CV, 1999 Tex. App. LEXIS
6331, at *2 (Tex. App.-Austin Aug. 26, 1999, no pet.) (mem. op.); In re D.E.P., 512 S.W.2d
789, 791 (Tex. Civ. App.-Houston [14th Dist.] 1974, no writ)). Texas courts have also held
that a juvenile is only entitled to reduced due process protections at a disposition
modification hearing based on a violation of a probation condition. (2) In re S.J., 940 S.W.2d
332, 339 (Tex. App.-San Antonio 1997, no writ); In re J.K.A., 855 S.W.2d 58, 61-62 (Tex.
App.-Houston [14th Dist.] 1993, writ denied); Murphy v. State, 860 S.W.2d 639, 643 (Tex.
App.-Fort Worth 1993, no pet.). This is constitutional because the juvenile was already
provided a hearing with complete due process protections when the juvenile was
adjudicated delinquent. Murphy, 860 S.W.2d at 643. 

 2. Discussion

 Here, the State's live pleading, stated that: "The circumstances regarding the
conditions of probation have materially changed in that the said child was unsuccessfully
terminated from placement on November 28, 2005." (3) The State did not provide any
additional facts pertaining to the reason or reasons why appellant was terminated from Gulf
Coast. However, the record demonstrates that: (1) appellant's attorney announced ready
at the hearing on the petition to modify disposition; (2) appellant's attorney did not file a
motion to continue the hearing; and (3) the child and his parents were present at the
hearing and fully apprised about the details of the disposition hearing. (4) Given these facts,
reasonable notice is presumed. See In re D.E.P., 512 S.W.2d at 791; see also In re J.M.,
2005 Tex. App. LEXIS 9708, at *7; In re T.E., 2005 Tex. App. LEXIS 5266, at *5; In re B.N.,
1999 Tex. App. LEXIS 6331, at *2. 

 We are mindful that the San Antonio Court of Appeals recently concluded that the
following statements contained in the State's amended petition to modify disposition were
sufficient to provide notice:


 [] Respondent violated Condition Number TWENTY-THREE (23) of the
Conditions of Probation which states I WILL COOPERATE FULLY AND
OBEY ALL OF THE RULES OF PLACEMENT, when on or about the 14th
day of DECEMBER, A.D., 2006, in Hays County, Texas, the said [J.P.]
FAILED TO OBEY THE RULES OF PLACEMENT WHEN RESPONDENT
DISRUPTED CLASS.

 

 [] Respondent violated Condition Number TWENTY-THREE (23) of the
Conditions of Probation which states I WILL COOPERATE FULLY AND
OBEY ALL OF THE RULES OF PLACEMENT, when on or about the 22nd
day of JANUARY, A.D., 2007, in Hays County, Texas, the said [J.P.] FAILED
TO OBEY THE RULES OF PLACEMENT WHEN RESPONDENT
DISRUPTED CLASS.

 

 [] Respondent violated Condition Number TWENTY-THREE (23) of the
Conditions of Probation which states I WILL COOPERATE FULLY AND
OBEY ALL OF THE RULES OF PLACEMENT, when on or about the 16th
day of MARCH, A.D., 2007, in Hays County, Texas, the said [J.P.] FAILED
TO OBEY THE RULES OF THE PLACEMENT WHEN RESPONDENT WAS
DISCHARGED FROM PLACEMENT AS UNSUCCESSFUL.


In re J.P., 2008 Tex. App. LEXIS 7780, at **8-9. In concluding that the previous
statements constituted sufficient notice, the court of appeals stated that "the State's
amended petition specifically identified: (1) the condition of probation violated; (2) the date
the violation occurred; (3) the county in which the violation occurred; and (4) the manner
in which the violation was committed, i.e., 'disrupted class' or 'discharged from placement
as unsuccessful.'" Id. at *9 (emphasis in original).

 It is clear that the State's petition to modify disposition in the present case is not as
specific as the petition referenced in In re J.P. See id. However, like the petition in In re
J.P., the State's petition to modify disposition in the present case did inform appellant of
the probation violation--the discharge from Gulf Coast as unsuccessful--and provided the
date in which the violation occurred--November 28, 2005. See id. Furthermore, the
State's original petition to modify and various reports--namely Locke's "Summary of
Adjustment" and several reports issued by the Hidalgo County Juvenile Probation
Department--informed appellant of the specific condition of probation that he had
violated--condition number 22. Clearly, the issue at the disposition hearing centered on
the circumstances of appellant's discharge from Gulf Coast, of which appellant was
adequately notified. (5) Given that (1) the facts in this case give rise to a presumption that
reasonable notice occurred, (2) juveniles are only entitled to reduced due process
protections at the disposition modification hearing, and (3) appellant was adequately
notified, we conclude that the State's motion to modify was not unconstitutionally vague
and that the trial court did not abuse its discretion in denying appellant's supplemental
motion to set aside the State's petition to modify disposition. See In re S.J., 940 S.W.2d
at 339; In re J.K.A., 855 S.W.2d at 61-62; Murphy, 860 S.W.2d at 643. Accordingly, we
overrule appellant's first issue on appeal. 

B. The Confrontation Clause and the Hearsay Rule


 In his second issue, appellant asserts that the trial court committed reversible error
in admitting, over objections, the testimony of the State's witnesses regarding the alleged
violations that led to appellant's termination from Gulf Coast because it was inadmissible
hearsay and violated his rights under the Confrontation Clause of the Sixth Amendment
to the United States Constitution. See U.S. Const. amend VI.


 1. Standard of Review


 Because the Texas Supreme Court has held that juvenile delinquency proceedings
are "quasi-criminal" in nature, we employ the criminal standard of review for analyzing the
admissibility of evidence. In re B.L.D., 113 S.W.3d 340, 351 (Tex. 2003); In re D.A.S., 973
S.W.2d 296, 298 (Tex. 1998) (citing In re Gault, 387 U.S. 1, 30 (1967); In re M.A.F., 966
S.W.2d 448, 450 (Tex. 1998)); see In re U.G., 128 S.W.3d 797, 799-800 (Tex.
App.-Corpus Christi 2004, pet. denied); see also Tex. Fam. Code Ann. § 51.17(c) (Vernon
Supp. 2008) (providing that the "Texas Rules of Evidence apply to criminal cases and
Articles 33.03 and 37.07 and Chapter 38 of the code of criminal procedure apply in a
judicial proceeding under this title").

 We review a trial court's decision regarding the admissibility of evidence under an
abuse of discretion standard. Cameron v. State, 241 S.W.3d 15, 19 (Tex. Crim. App.
2007) (citing Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)). 
Because trial courts are in the best position to decide questions of admissibility, appellate
courts uphold a trial court's admissibility decision when that decision is within the zone of
reasonable disagreement. Id. An appellate court may not reverse a trial court's decision
regarding the admissibility of evidence solely because the appellate court disagrees with
the decision. Id.

 Texas Rule of Appellate Procedure 44.2 outlines the standard of review for
reversible error in criminal cases. See Tex. R. App. P. 44.2. According to the relevant rule,
the court of appeals must reverse a judgment unless the court determines beyond a
reasonable doubt that the error did not contribute to the conviction or punishment of the
defendant. Tex. R. App. P. 44.2(a). Moreover, if other properly admitted evidence proves
the same facts, the error is harmless. See Brooks v. State, 990 S.W.2d 278, 287 (Tex.
Crim. App. 1999); see also Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)
(discussing the erroneous admission of inadmissible hearsay as non-constitutional error
and noting that rule 44.2(b) mandates that the appellate court disregard non-constitutional
error unless it affects appellant's substantial rights). (6)

 2. Applicable Law


 The Sixth Amendment of the United States Constitution provides, in relevant part,
that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of
the nature and cause of the accusation; to be confronted with the witnesses against him
. . . ." U.S. Const. amend. VI. This procedural guarantee bars the admission of
testimonial statements of a witness who does not appear at trial unless he is unavailable
to testify and the defendant had a prior opportunity to cross-examine him. Russeau v.
State, 171 S.W.3d 871, 880 (Tex. Crim. App. 2005).

 Hearsay "is a statement, other than one made by the declarant while testifying at
the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex. R.
Evid. 801(d). A "matter asserted" includes any matter explicitly asserted, and any matter
implied by a statement, if the probative value of the statement as offered flows from the
declarant's belief as to the matter. Tex. R. Evid. 801(c). Hearsay is generally not
admissible except as provided by statute or rules. Tex. R. Evid. 802. The admission of
hearsay evidence against a defendant implicates the Confrontation Clause because the
defendant is not afforded the opportunity to confront the out-of-court declarant. Simpson
v. State, 119 S.W.3d 262, 269 (Tex. Crim. App. 2003).

 3. Discussion


 On appeal, appellant takes issue with the disposition hearing testimony of John
Cordona, an orientation caseworker and coordinator at Gulf Coast, and Suzana Saenz
Ramos, an employee with the Hidalgo County Juvenile Probation Department.

 a. Cordona's Testimony

 Cordona testified that he was appellant's caseworker while appellant was in the
orientation phase of the program at Gulf Coast. Cordona further testified as to several
incidents where appellant violated the rules of the program at Gulf Coast. In particular,
Cordona noted that while appellant was at Gulf Coast, he hit a wall, tried to run away,
ingested a large amount of Tylenol, and possessed a razor. These incidents were of
particular concern because appellant had a history of engaging in self-mutilation. Appellant
repeatedly objected to Cordona's testimony as inadmissible hearsay and a violation of the
Confrontation Clause, arguing that Cordona did not have personal knowledge of the
violations, and that he was merely relaying information told to him by others. (7) The State
asserted that Cordona's testimony fell under the present sense impression exception to
the hearsay rule. (8) See Tex. R. Evid. 803(1). The trial court overruled the majority of
appellant's objections to Cordona's testimony addressing the alleged violations.

 However, we need not address further the issue of the Cordona's testimony under
the Confrontation Clause and hearsay rule, because any error in the admission of the
testimony did not contribute to appellant's commitment to TYC. See Simpson, 119 S.W.3d
at 269; see also Tex. R. App. P. 44.2(a). In the Simpson decision, the Texas Court of
Criminal Appeals conducted its harmless error review under rule 44.2(a) without first
determining if the admission of the testimony was in fact erroneous. Simpson, 119 S.W.3d
at 269. If the admission of the testimony had no impact on the decision rendered, then it
is unnecessary to determine whether its admission was appropriate. Id. Likewise, we
review the entire record to determine beyond a reasonable doubt whether the alleged error
contributed to the outcome. See id.; see also Tex. R. App. P. 44.2(a).

 The error, if any, in admitting Cordona's testimony was harmless because other
properly admitted evidence proved the same facts. See Brooks, 990 S.W.2d at 287; see
also Johnson, 967 S.W.2d at 417. Section 54.05 of the family code provides, in relevant
part, that "[a]fter the hearing on the merits or facts, the court may consider written reports
from probation officers, professional court employees, or professional consultants in
addition to the testimony of other witnesses." Tex. Fam. Code Ann. § 54.05(e). The record
contains several reports from the Hidalgo County Juvenile Probation Department which
stated that appellant "was ordered on Judicial Probation until his eighteenth birthday in the
custody of Gulf Coast Trade[s] Center. [Appellant] attempted to harm himself on three
separate occasions; Gulf Coast Trade[s] Center felt they could no longer meet his needs"
and that appellant is currently detained at the Hidalgo County Juvenile Detention Facility. (9) 
Also contained in the record is Locke's "Summary of Adjustment." In this report, Locke
detailed appellant's: (1) attempt to run away from the Gulf Coast facility; (2) possession
of a razor, which the facility deemed as contraband; (3) intentional cutting of his right arm
with a razor blade; and (4) expression that he wanted to kill himself when he was taken to
the emergency room after confessing "to staff that he had taken some pills he had stored
up from the nurse." Appellant did not object to either of these reports being included in the
record. Moreover, Cordona's testimony mirrored these reports. Because section 54.05(e)
of the family code allowed the trial court to consider other reports in the record which
mirrored Cordona's testimony, we conclude that the error, if any, in admitting Cordona's
testimony was harmless. See id.; see also Tex. R. App. P. 44.2(a). 

 b. Ramos's Testimony


 On appeal, appellant contends that Ramos "testified that she was being made
aware of incidents by the Juvenile of breaking the rules through phone calls at the facility"
and that her testimony was inadmissible hearsay and violated the Confrontation Clause. 
We note that the majority of appellant's argument as to this issue pertains to Cordona's
testimony, and that appellant does not specify which statements Ramos made at the
hearing that he wishes to challenge on appeal. In any event, Ramos testified generally at
the disposition hearing as to appellant's alleged violations. In particular, Ramos stated that
she was notified of the alleged violations via weekly phone calls that she received from
Cordona and a "Mr. Reyes" at Gulf Coast. Appellant repeatedly objected to Ramos's
testimony as inadmissible hearsay and in violation of the Confrontation Clause. The trial
court overruled the majority of appellant's objections. However, once again, we conclude
that the error, if any, in admitting Ramos's testimony was harmless because the evidence
also included several unchallenged reports from the Hidalgo County Juvenile Probation
Department, and Locke's "Summary of Adjustment," all of which mirrored Ramos's
testimony. See Tex. Fam. Code Ann. § 54.05(e); see also Tex. R. App. P. 44.2(a). 
Accordingly, we overrule appellant's second issue on appeal. 

III. Conclusion


 Having overruled both of appellant's issues on appeal, we affirm the judgment of the
trial court.


 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 18th day of December, 2008.


1. In relevant part, section 51.03 of the family code defines delinquent conduct as: "conduct that
violates a lawful order of a court under circumstances that would constitute contempt of that court . . . ." Tex.
Fam. Code Ann. § 51.03(a)(2) (Vernon Supp. 2008). 
2. The violation of a court order or rule of probation allows the trial court to modify the prior disposition
without a new adjudication of delinquent conduct. See In re J.K.A., 855 S.W.2d 58, 62 (Tex. App.-Houston
[14th Dist.] 1993, no writ) (noting that section 54.05(d) of the family code "does not mandate a separate, full
due-process adjudication hearing under 54.03" and that the 54.05(d) hearing is nothing more than the "hearing
on the merits or facts"); see also In re R.J.M., No. 05-99-015540-CV, 2000 Tex. App. LEXIS 5759, at *4 (Tex.
App.-Dallas Aug. 25, 2000, pet. denied) (mem. op.). Therefore, appellant is incorrect in arguing that the
requirements for notice contained in section 54.03 of the family code should apply to the petition to modify
disposition in this case because the trial court did not commence a new adjudication hearing to determine
whether appellant engaged in additional delinquent conduct. See Tex. Fam. Code Ann. § 54.03(d)(2) (Vernon
2002) (requiring a petition for an adjudication or transfer hearing of a child alleged to have engaged in
delinquent conduct to state "with reasonable particularity the time, place, and manner of the acts alleged and
the penal law or standard of conduct allegedly violated by the acts . . ."). In fact, appellant admitted in his
supplemental motion to set aside the State's petition to modify disposition that the family code does not specify
the contents to be included in a petition to modify disposition and stated that "the safest course of action is
to follow the guidelines of Texas Family Code Section 53.04." See id. Considering appellant has not cited
any binding authority addressing this contention, we decline to find that section 53.04 of the family code
applies to petitions to modify a prior disposition.
3. Condition twenty-two of the trial court's probation order provided that appellant "shall abide by the
rules and regulations of Gulf Coast Trade[s] Center." The record contains: (1) a report from the Hidalgo
County Juvenile Probation Department and a November 21, 2005 report from Penny Locke, a Gulf Coast
caseworker, both indicating that appellant was unsuccessfully discharged from Gulf Coast because appellant
had attempted to harm himself on three separate occasions, appellant attempted to escape from the facility,
and Gulf Coast no longer believed that it could meet appellant's needs; and (2) documentation demonstrating
that appellant is currently detained at the Hidalgo County Juvenile Detention Facility. 
4. In fact, appellant's father testified about appellant's past problems and that he was worried about
appellant being committed to the TYC at the hearing on the State's motion to modify disposition.
5. In arguing that the State's petition to modify disposition did not allow him to adequately prepare a
defense, appellant relies heavily on Franks v. State, 498 S.W.2d 516, 518 (Tex. App.-Texarkana 1973, no
writ). In Franks, the court held that "[i]n a revocation of probation case . . . it is necessary that the notice of
the hearing set out the manner or terms of the probation which have been violated in order that the child and
his attorney can be apprised of the alleged violations and prepare such defense as may seem necessary." 
Id. However, we find this case to be distinguishable because: (1) unlike the present case, the child in Franks
was never provided any notice of the revocation proceeding and no guardian ad litem was appointed to
represent the child's best interests; and (2) the appellate court failed to cite any provisions of the family code
to support its conclusion. See id. Section 54.05 clearly addresses the situation (the child failing to receive
notice of the disposition hearing) found in Franks. See Tex. Fam. Code Ann. § 54.05(d). A juvenile is entitled
to reasonable notice, and we have concluded that such notice was provided. Id.
6. A substantial right is affected when the error has a substantial and injurious effect or influence in
determining the outcome. See King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos
v. United States, 328 U.S. 750, 776 (1946)).
7. The trial court allowed appellant to maintain a running objection as to Cordona's testimony.
8. The present sense impression exception to the hearsay rule provides that "[a] statement describing
or explaining an event or condition made while the declarant was perceiving the event or condition, or
immediately thereafter" is admissible even if the declarant is available to testify. Tex. R. Evid. 803(1). The
safeguards of reliability for a statement of the declarant's present sense impression include: (1) the report
at the moment of the thing then seen, heard, etc., is safe from any error from defect of memory of the
declarant; (2) there is little or no time for a calculated misstatement; and (3) the statement will usually be made
to another (the witness who reports it) who would have the equal opportunity to observe and hence to check
a misstatement. Esparza v. State, 31 S.W.3d 338, 342 (Tex. App.-San Antonio 2000, no pet.) (citing Rabbani
v. State, 847 S.W.2d 555, 560 (Tex. Crim. App. 1992) (en banc)).

 
9. In addition, Norma Gonzalez, a court investigator at the Hidalgo County Juvenile Probation Office,
testified that appellant is no longer at Gulf Coast. Appellant did not object to Gonzalez's testimony.