



★ ★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-11-00019-CR[1]

**J.C.O.**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-JUV-00578
Honorable Laura Parker, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  January 11, 2012

AFFIRMED

The sole issue presented in this appeal is whether a juvenile must be personally served

with a motion to transfer filed pursuant to section 54.051 of the Texas Family Code.  Appellant

---

[1] Although this appeal was originally docketed as a civil appeal arising from a juvenile court proceeding, the judgment being appealed was entered by the trial court after the juvenile was transferred to the district court pursuant to Section 54.051 of the Texas Family Code.  *See* TEX. FAM. CODE ANN. § 54.051 (West 2008).  In revoking appellant's probation, the district court was acting "in the same manner as if the court had originally exercised jurisdiction over the case."  *Id*. at § 54.051(e-2).  Accordingly, we agree with the appellant that this appeal is properly docketed as a criminal appeal.

argues that a district court to which a juvenile is transferred lacks jurisdiction absent personal service. We disagree.

Section 54.051 of the Texas Family Code permits the State to file a motion to transfer a juvenile, who is placed on probation that will continue after the juvenile's 18th birthday, to an appropriate district court. TEX. FAM. CODE ANN. § 54.051(a) (West 2008). The hearing on the State's motion must be conducted "in the same manner as a hearing on a motion to modify disposition under Section 54.05." *Id*. at § 54.051(b). Section 54.05(d) requires that "reasonable notice" of a hearing to modify disposition be given to all parties. *Id*. at § 54.05(d).

Notwithstanding the statutory language requiring that only reasonable notice be given, appellant argues that personal service is required because a hearing to modify disposition is triggered by the filing of a petition, and Section 53.06 requires personal service of petitions. *Id*. at §§ 53.06, 54.05(d). Appellant's argument ignores that the Texas Legislature has "provided different rules for different stages of a juvenile proceeding." *In re J.P.*, 136 S.W.3d 629, 630 (Tex. 2004). This court has previously recognized that reduced due-process requirements apply to a hearing to modify a juvenile's disposition. *In re S.J.*, 940 S.W.2d 332, 339 (Tex. App.—San Antonio 1997, no writ). Although personal service is required for petitions at the adjudication stage, only reasonable notice is required of a hearing to modify disposition. *In re T.E.*, No. 03-04-00590-CV, 2005 WL 1583463, at *2 (Tex. App.—Austin July 7, 2005, no pet.) (mem. op.); *In re D.E.P.*, 512 S.W.2d 789, 791 (Tex. Civ. App.—Houston [14th Dist.] 1974, no writ); TEX. FAM. CODE ANN. § 54.05(d) (West 2008). The only authority appellant cites to support his contention that he was entitled to personal service is *Franks v. State*, 498 S.W.2d 516, 518 (Tex. Civ. App.—Texarkana 1973, no writ). *Franks*, however, was decided prior to the effective date of the Juvenile Justice Code (contained in Title 3 of the Texas Family Code), which sets forth the

different rules for the different stages of a juvenile proceeding and requires only reasonable notice of a hearing to modify disposition. *See* Act of May 25, 1973, 63rd Leg., R.S., ch. 544, 1973 Tex. Gen. Laws 1460); *In re J.P.*, 136 S.W.3d at 630.

Because Section 54.05(d) requires only reasonable notice of a hearing on a motion to transfer under Section 54.051, we overrule appellant's contention that personal service was required and affirm the trial court's judgment.

Catherine Stone, Chief Justice

DO NOT PUBLISH