In the Matter of L.W.C. 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-268-CV
 
 
IN THE MATTER OF L.W.C.
 
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 874
                                                                                                    

O P I N I O N
                                                                                                    

      On December 21, 1993, L.W.C. was found to have engaged in delinquent conduct and was
placed on juvenile probation for one year. In June 1994, the State filed a "Second Amended
Motion to Modify Disposition," alleging that L.W.C. had violated the terms of his probation by
(1) violating a court-ordered curfew, (2) committing theft, and (3) committing forgery. 
      On July 29, 1994, while hearing the motion, the court stated:
Now, this is a motion to modify disposition, but in accordance with 54.05 of the Family
Code, since it is alleged that the juvenile has violated the lawful order of the court, we will
be proceeding under the requirements of an adjudication hearing [under] 54.03 of the Family
Code. 
The court conducted an "adjudication" hearing and found that the State had proven beyond a
reasonable doubt that L.W.C. had violated the conditions of his probation by ignoring his curfew
and committing theft. The court then conducted a "disposition" hearing and committed L.W.C.
to the Texas Youth Commission (TYC) for an indeterminate sentence not to exceed his twenty-first
birthday. L.W.C. appeals on six points. We will affirm the judgment.
FAMILY CODE PROVISIONS
      A child may be found to have engaged in delinquent conduct only after an "adjudication"
hearing is conducted in accordance with section 54.03 of the Family Code. Tex. Fam. Code
Ann. § 54.03(a) (Vernon 1986). "Trial shall be by jury" unless that right is waived in writing. 
Id. §§ 54.03(c), 51.09 (Vernon 1986 & Supp. 1995). The State must prove beyond a reasonable
doubt that the juvenile engaged in delinquent conduct. Id. § 54.03(f) (Vernon 1986). 
      Once a child is adjudicated as having engaged in delinquent conduct, the court must hold a
separate "disposition" hearing. Id. § 54.04(a) (Vernon Supp. 1995). There is no right to a jury
at the disposition hearing unless the child is in jeopardy of a determinate sentence. Id. No
disposition can be made under section 54.04 unless the child is in need of rehabilitation or the
protection of the public or the child requires disposition. Id. § 54.04(c).
      A hearing to modify a disposition shall be held on the petition of the child and his parent, his
guardian or attorney, the State, or the court itself. Id. § 54.05(d) (Vernon 1986). When the
petition to modify is filed alleging conduct classified as "delinquent" under section 51.03(a)(2) of
the Family Code, the court must hold an "adjudication hearing" and make an affirmative finding
prior to considering any written reports from probation officers or other professional consultants. 
Id. Section 51.03(a)(2) defines delinquent conduct, in part, as "conduct that violates a reasonable
and lawful order of a juvenile court entered under Section 54.04 or 54.05" of the Family Code.
Id. § 51.03(a)(2) (Vernon Supp. 1995).
POINTS OF ERROR
      L.W.C. combines his first, third, and sixth points in one argument. He asserts that the court
erred:
      •    in finding that he had engaged in delinquent conduct because no petition alleging
delinquent conduct was before the court;
      •    in committing him to the TYC because there was no finding that he had violated a lawful
court order; and
      •    in committing him to the TYC when there was not an order modifying a prior disposition
of the juvenile court.
The gist of L.W.C.'s argument is that the court held an "adjudication" hearing under section 54.03
rather than a hearing to modify disposition under section 54.05. He argues that the court did not
have a new petition alleging delinquent conduct, that it did not afford him the right to a jury trial
as required under section 54.03, and that there is no order modifying the prior disposition. 
      As a general rule, there is no right to a jury at a disposition hearing or at a hearing to modify
a disposition. See id. §§ 54.04(a), 54.05(c). The exception in both instances is when the child
is in jeopardy of a determinate sentence. Id. §§ 54.04(a); 54.05(g), (h). Although subsection (d)
of section 54.05 states that a court must hold an adjudication hearing when the modification is
based on the violation of a reasonable and lawful order of the juvenile court, that "adjudication
hearing" is not the separate, full due-process adjudication hearing required under section 54.03. 
J.K.A. v. State, 855 S.W.2d 58, 64 (Tex. App.—Houston [14th Dist.] 1993, writ denied).
      The State sought to modify the disposition by obtaining a finding that L.W.C. had violated
a "reasonable and lawful order of the court"—a term of his court-ordered probation. The court's
order found that L.W.C. had violated certain terms and conditions of his probation—leaving his
residence without permission, failing to be home by curfew, and committing an offense against
the State by committing theft. The State was not seeking a new adjudication of delinquent conduct
under section 54.03 but a modification under section 54.05. See Tex. Fam. Code Ann. §§ 54.03,
54.05. Thus, a hearing to modify the disposition under section 54.05 was all that was required. 
See J.K.A., 855 S.W.2d at 64. Had the State sought a new adjudication that L.W.C. had engaged
in delinquent conduct, the court would have been required to afford him a full hearing, complete
with a jury if desired, under section 54.03. See id. Because the court did not find that L.W.C.
had engaged in delinquent conduct, but rather found that he had violated a reasonable lawful court
order, we overrule point one. 
      As stated above, the court's order found that L.W.C. had been placed on probation in
December 1993, that the court had imposed reasonable and lawful terms and conditions of
probation, and that L.W.C. had "violated the terms and conditions of his probation." The court
found that L.W.C. had violated a "lawful court order"; thus, we overrule point three. 
      In his sixth point, L.W.C. asserts that the language of the court's order modifying the
disposition does not actually modify the prior disposition order. The order is entitled "Order
Modifying Disposition Commitment to the Texas Youth Commission." The order refers to the
court's prior hearing adjudicating L.W.C. as having engaged in delinquent conduct and refers to
the terms of probation imposed as a result of the court's finding of delinquency. The order further
states that, as part of his probation, L.W.C. was placed in the custody of his mother and that he
violated the terms of probation. The order recites the findings required to commit a juvenile to
the TYC. See Tex. Fam. Code Ann. § 54.04. We believe the order before us modifies the prior
disposition order. We overrule point six.
      L.W.C. also combines his argument under points two, four, and five. In point two, he asserts
that the evidence was insufficient to find beyond a reasonable doubt that he had engaged in
delinquent conduct on the allegations of theft and forgery. In point four, he asserts that the court
erred in committing him to the TYC for probation violations when there was insufficient evidence
that he was on probation. In point five he asserts that the court erred in committing him to the
TYC because the evidence was insufficient to support the allegations that he violated curfew.
      The State concedes that the allegations of forgery and theft "may not have been proven beyond
a reasonable doubt."


 We agree and sustain point two. However, we also agree with the State that
the allegations of curfew violations were sufficiently proven to allow the court to revoke L.W.C.'s
probation and commit him to the TYC. 
      Carol Curry, L.W.C.'s mother, testified that L.W.C. had been living with her since he had
been placed on probation. She testified that he had an 8 p.m. curfew, that "in the early part
whenever he had on the band,


 he was out maybe a couple of nights," and that she had called the
sheriff's department on the occasions he was late. Curry testified that L.W.C. was not to leave
home after curfew without her permission, that he had left without her permission "at the
beginning once or twice," but that in the "last month or two, he's been doing real good about
coming home." Trial counsel conceded during closing arguments that the curfew violations had
been established, but argued that the State had failed to prove the forgery and theft allegations. 
Estella Patterson, a juvenile probation officer for Coryell County, testified that L.W.C. was placed
on probation on December 1, 1993. 
      The evidence was sufficient to establish beyond a reasonable doubt that L.W.C. violated a
reasonable and lawful order of the court—namely, court-ordered curfew. See Jackson v. Virginia,
443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Matson v. State, 819
S.W.2d 839, 843 (Tex. Crim. App. 1991); Tex. Fam. Code Ann. § 54.05(f). We overrule
points four and five. Although we sustained point two, the evidence of curfew violations is
sufficient to authorize the court's order modifying the disposition. See id. Thus, we affirm the
judgment. 
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 12, 1995
Do not publish