

**NUMBER 13-06-00280-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN THE MATTER OF J.A.S., III, A JUVENILE**

**On appeal from the 206th District Court of Hidalgo County, Texas.**

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Garza**

Appellant, J.A.S. III, a juvenile, pleaded guilty to the offenses of possession of marihuana, a third-degree felony, and possession of marihuana in a drug-free zone, a class A misdemeanor. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(4) (Vernon 2003); § 481.134(f) (Vernon Supp. 2008). On October 13, 2005, the trial court placed appellant on probation with outside placement at the Gulf Coast Trades Center ("Gulf Coast").

On December 5, 2005, the State filed a petition to modify the trial court's October 13, 2005 disposition. In this motion, the State alleged that appellant "violated Condition

No. 22 of his probation which read, 'The child shall abide by the rules and regulations of Gulf Coast Trade[s] Center.', [sic] in that the said [appellant] on or about the 28TH day of NOVEMBER, A.D., 2005, was unsuccessfully terminated from Gulf Coast Trade[s] Center . . . ." The State requested that the trial court commit appellant to the Texas Youth Commission ("TYC") for a period of time not to exceed his twenty-first birthday. On January 12, 2006, appellant filed a motion to set aside the State's petition to modify disposition, asserting that the State failed to state, with reasonable particularity, the time, place, and manner of the alleged probation violations and that the motion did not provide him with sufficient notice to prepare a defense.

On January 17, 2006, the State filed its first amended petition to modify disposition, contending that "the circumstances regarding the conditions of probation have materially changed in that the said child was unsuccessfully terminated from placement on November 28, 2005." Appellant subsequently filed a supplemental motion to set aside the State's amended petition, asserting virtually the same arguments as contained in his original motion to set aside the State's petition to modify disposition.

At a hearing conducted on January 31, 2006, the trial court heard evidence pertaining to the State's petition to modify the trial court's October 13, 2005 disposition. The trial court denied appellant's motion to set aside, concluded that appellant had violated the terms and conditions of his probation, and committed him to the TYC for an indeterminate sentence. Appellant filed a motion for new trial on February 3, 2006, which, after a hearing, was denied. By two issues, appellant contends that: (1) the trial court erred in denying his motion to set aside the State's motion to modify because the State's motion was unconstitutionally vague; and (2) the trial court erred by allowing testimony

2

pertaining to the alleged violations occurring at Gulf Coast by those who did not have personal knowledge of the alleged violations, in violation of the Confrontation Clause and the hearsay rule. We affirm.

## I. STANDARD OF REVIEW

Juvenile courts are vested with broad discretion in determining whether to modify the disposition of children found to have engaged in delinquent conduct.[1] *In re C.S.*, 198 S.W.3d 855, 857 (Tex. App.–Dallas 2006, no pet.); *In re P.L.*, 106 S.W.3d 334, 337 (Tex. App.–Dallas 2003, no pet.). In reviewing an order modifying the disposition, we examine the entire record to determine whether the trial court acted unreasonably or arbitrarily or without reference to any guiding rules or principles. *In re C.S.*, 198 S.W.3d at 857; *In re P.L.*, 106 S.W.3d at 337.

Under section 54.05(f) of the Texas Family Code, the trial court may modify a disposition to commit a child to TYC if, after a hearing, it finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. TEX. FAM. CODE ANN. § 54.05(f) (Vernon Supp. 2008); *In re J.M.*, 133 S.W.3d 721, 724 (Tex. App.–Corpus Christi 2003, no pet.).

## II. ANALYSIS

### A. The State's Petition to Modify and Reasonable Notice

In his first issue on appeal, appellant argues that the trial court erred in denying his motion to set aside the State's petition to modify. Specifically, appellant contends that the State's petition to modify was unconstitutionally vague and deprived him of due process

---

[1] In relevant part, section 51.03 of the family code defines delinquent conduct as: "conduct that violates a lawful order of a court under circumstances that would constitute contempt of that court . . . ." TEX. FAM. CODE ANN. § 51.03(a)(2) (Vernon Supp. 2008).

because it failed to delineate, with reasonable particularity, the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated. *See* TEX. FAM. CODE ANN. § 53.04 (Vernon 2002). We disagree.

**1. Applicable Law**

"The [Texas] Legislature [has] provided different rules for different stages of a juvenile proceeding." *In re J.P.*, 136 S.W.3d 629, 630 (Tex. 2004). The Legislature has provided that a petition at the adjudication stage of a juvenile proceeding must state "with reasonable particularity the time, place, and manner of the acts alleged." TEX FAM. CODE ANN. § 53.04(d)(1). The allegations in a petition at the adjudication phase of a juvenile proceeding need not be as particular as a criminal indictment so long as the allegations are reasonable and definite. *See M.A.V. v. Webb County Court at Law*, 842 S.W.2d 739, 745 (Tex. App.–San Antonio 1992, writ denied); *see also In re F.C.*, No. 03-02-00463-CV, 2003 Tex. App. LEXIS 4709, at *4 (Tex. App.–Austin June 5, 2003, no pet.) (mem. op.). Additionally, a petition at the adjudication phase of a juvenile proceeding need not recite evidentiary facts unless they are essential to proper notice. *See In re B.P.H.*, 83 S.W.3d 400, 405 (Tex. App.–Fort Worth 2002, no pet.); *see also In re F.C.*, 2003 Tex. App. LEXIS 4709, at *4.

In contrast to the pleading requirements at the adjudication stage, the Legislature has not imposed specific requirements on a petition at the disposition modification stage of a juvenile proceeding. *See* TEX. FAM. CODE ANN. § 54.05(d) (Vernon Supp. 2008); *see also In re J.P.*, No. 04-07-00612-CV, 2008 Tex. App. LEXIS 7780, at *7 (Tex. App.–San Antonio Oct. 15, 2008, no pet. h.) (mem. op.). The relevant statute, section 54.05(d) of the family code, provides that "[a] hearing to modify disposition shall be held on the petition of

4

the child . . . or on the petition of the state, a probation officer, or the court itself." TEX. FAM. CODE ANN. § 54.05(d). "Reasonable notice of a hearing to modify disposition shall be given to all parties." *Id.* Therefore, the pleading requirements for a petition to modify disposition are less stringent than the pleading requirements for a petition for adjudication. *See id.*; *see also In re J.P.*, 2008 Tex. App. LEXIS 7780, at *8.

In determining whether a party received reasonable notice, several Texas courts have held that when a child's attorney appears, does not file a motion for continuance, and the child and parents are present and fully advised by the court as to the issues before the court, reasonable notice is presumed. *See, e.g., In re J.M.*, No. 2-05-180-CV, 2005 Tex. App. LEXIS 9708, at *7 (Tex. App.–Fort Worth Nov. 17, 2005, no pet.) (mem. op.); *In re T.E.*, No. 03-04-00590-CV, 2005 Tex. App. LEXIS 5266, at *5 (Tex. App.–Austin July 7, 2005, no pet.) (mem. op.) (citing *In re B.N.*, No. 03-98-575-CV, 1999 Tex. App. LEXIS 6331, at *2 (Tex. App.–Austin Aug. 26, 1999, no pet.) (mem. op.); *In re D.E.P.*, 512 S.W.2d 789, 791 (Tex. Civ. App.–Houston [14th Dist.] 1974, no writ)). Texas courts have also held that a juvenile is only entitled to reduced due process protections at a disposition modification hearing based on a violation of a probation condition.[2] *In re S.J.*, 940 S.W.2d

_____

[2] The violation of a court order or rule of probation allows the trial court to modify the prior disposition without a new adjudication of delinquent conduct. *See In re J.K.A.*, 855 S.W.2d 58, 62 (Tex. App.–Houston [14th Dist.] 1993, no writ) (noting that section 54.05(d) of the family code "does not mandate a separate, full due-process adjudication hearing under 54.03" and that the 54.05(d) hearing is nothing more than the "hearing on the merits or facts"); *see also In re R.J.M.*, No. 05-99-015540-CV, 2000 Tex. App. LEXIS 5759, at *4 (Tex. App.–Dallas Aug. 25, 2000, pet. denied) (mem. op.). Therefore, appellant is incorrect in arguing that the requirements for notice contained in section 54.03 of the family code should apply to the petition to modify disposition in this case because the trial court did not commence a new adjudication hearing to determine whether appellant engaged in additional delinquent conduct. *See* TEX. FAM. CODE ANN. § 54.03(d)(2) (Vernon 2002) (requiring a petition for an adjudication or transfer hearing of a child alleged to have engaged in delinquent conduct to state "with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts . . ."). In fact, appellant admitted in his supplemental motion to set aside the State's petition to modify disposition that the family code does not specify the contents to be included in a petition to modify disposition and stated that "the safest course of action is to follow the guidelines of Texas Family Code Section 53.04." *See id.* Considering appellant has not cited

5

332, 339 (Tex. App.–San Antonio 1997, no writ); *In re J.K.A.*, 855 S.W.2d 58, 61-62 (Tex. App.–Houston [14th Dist.] 1993, writ denied); *Murphy v. State*, 860 S.W.2d 639, 643 (Tex. App.–Fort Worth 1993, no pet.). This is constitutional because the juvenile was already provided a hearing with complete due process protections when the juvenile was adjudicated delinquent. *Murphy*, 860 S.W.2d at 643.

**2. Discussion**

Here, the State's live pleading, stated that: "The circumstances regarding the conditions of probation have materially changed in that the said child was unsuccessfully terminated from placement on November 28, 2005."[3] The State did not provide any additional facts pertaining to the reason or reasons why appellant was terminated from Gulf Coast. However, the record demonstrates that: (1) appellant's attorney announced ready at the hearing on the petition to modify disposition; (2) appellant's attorney did not file a motion to continue the hearing; and (3) the child and his parents were present at the hearing and fully apprised about the details of the disposition hearing.[4] Given these facts, reasonable notice is presumed. *See In re D.E.P.*, 512 S.W.2d at 791; *see also In re J.M.*, 2005 Tex. App. LEXIS 9708, at *7; *In re T.E.*, 2005 Tex. App. LEXIS 5266, at *5; *In re B.N.*, 1999 Tex. App. LEXIS 6331, at *2.

---

any binding authority addressing this contention, we decline to find that section 53.04 of the family code applies to petitions to modify a prior disposition.

[3] Condition twenty-two of the trial court's probation order provided that appellant "shall abide by the rules and regulations of Gulf Coast Trade[s] Center." The record contains: (1) a report from the Hidalgo County Juvenile Probation Department and a November 21, 2005 report from Penny Locke, a Gulf Coast caseworker, both indicating that appellant was unsuccessfully discharged from Gulf Coast because appellant had attempted to harm himself on three separate occasions, appellant attempted to escape from the facility, and Gulf Coast no longer believed that it could meet appellant's needs; and (2) documentation demonstrating that appellant is currently detained at the Hidalgo County Juvenile Detention Facility.

[4] In fact, appellant's father testified about appellant's past problems and that he was worried about appellant being committed to the TYC at the hearing on the State's motion to modify disposition.

We are mindful that the San Antonio Court of Appeals recently concluded that the following statements contained in the State's amended petition to modify disposition were sufficient to provide notice:

> [] Respondent violated Condition Number TWENTY-THREE (23) of the Conditions of Probation which states I WILL COOPERATE FULLY AND OBEY ALL OF THE RULES OF PLACEMENT, when on or about the 14th day of DECEMBER, A.D., 2006, in Hays County, Texas, the said [J.P.] FAILED TO OBEY THE RULES OF PLACEMENT WHEN RESPONDENT DISRUPTED CLASS.

> [] Respondent violated Condition Number TWENTY-THREE (23) of the Conditions of Probation which states I WILL COOPERATE FULLY AND OBEY ALL OF THE RULES OF PLACEMENT, when on or about the 22nd day of JANUARY, A.D., 2007, in Hays County, Texas, the said [J.P.] FAILED TO OBEY THE RULES OF PLACEMENT WHEN RESPONDENT DISRUPTED CLASS.

> [] Respondent violated Condition Number TWENTY-THREE (23) of the Conditions of Probation which states I WILL COOPERATE FULLY AND OBEY ALL OF THE RULES OF PLACEMENT, when on or about the 16th day of MARCH, A.D., 2007, in Hays County, Texas, the said [J.P.] FAILED TO OBEY THE RULES OF THE PLACEMENT WHEN RESPONDENT WAS DISCHARGED FROM PLACEMENT AS UNSUCCESSFUL.

*In re J.P.*, 2008 Tex. App. LEXIS 7780, at **8-9. In concluding that the previous statements constituted sufficient notice, the court of appeals stated that "the State's amended petition specifically identified: (1) the condition of probation violated; (2) the date the violation occurred; (3) the county in which the violation occurred; and (4) the manner in which the violation was committed, *i.e.*, 'disrupted class' or 'discharged from placement as unsuccessful.'" *Id.* at *9 (emphasis in original).

It is clear that the State's petition to modify disposition in the present case is not as specific as the petition referenced in *In re J.P. See id.* However, like the petition in *In re J.P.*, the State's petition to modify disposition in the present case did inform appellant of

7

the probation violation—the discharge from Gulf Coast as unsuccessful—and provided the date in which the violation occurred—November 28, 2005. *See id.* Furthermore, the State's original petition to modify and various reports—namely Locke's "Summary of Adjustment" and several reports issued by the Hidalgo County Juvenile Probation Department—informed appellant of the specific condition of probation that he had violated—condition number 22. Clearly, the issue at the disposition hearing centered on the circumstances of appellant's discharge from Gulf Coast, of which appellant was adequately notified.[5] Given that (1) the facts in this case give rise to a presumption that reasonable notice occurred, (2) juveniles are only entitled to reduced due process protections at the disposition modification hearing, and (3) appellant was adequately notified, we conclude that the State's motion to modify was not unconstitutionally vague and that the trial court did not abuse its discretion in denying appellant's supplemental motion to set aside the State's petition to modify disposition. *See In re S.J.*, 940 S.W.2d at 339; *In re J.K.A.*, 855 S.W.2d at 61-62; *Murphy*, 860 S.W.2d at 643. Accordingly, we overrule appellant's first issue on appeal.

## B. The Confrontation Clause and the Hearsay Rule

In his second issue, appellant asserts that the trial court committed reversible error

---

[5] In arguing that the State's petition to modify disposition did not allow him to adequately prepare a defense, appellant relies heavily on *Franks v. State*, 498 S.W.2d 516, 518 (Tex. App.–Texarkana 1973, no writ). In *Franks*, the court held that "[i]n a revocation of probation case . . . it is necessary that the notice of the hearing set out the manner or terms of the probation which have been violated in order that the child and his attorney can be apprised of the alleged violations and prepare such defense as may seem necessary." *Id.* However, we find this case to be distinguishable because: (1) unlike the present case, the child in *Franks* was never provided any notice of the revocation proceeding and no guardian ad litem was appointed to represent the child's best interests; and (2) the appellate court failed to cite any provisions of the family code to support its conclusion. *See id.* Section 54.05 clearly addresses the situation (the child failing to receive notice of the disposition hearing) found in *Franks*. *See* TEX. FAM. CODE ANN. § 54.05(d). A juvenile is entitled to reasonable notice, and we have concluded that such notice was provided. *Id.*

8

in admitting, over objections, the testimony of the State's witnesses regarding the alleged violations that led to appellant's termination from Gulf Coast because it was inadmissible hearsay and violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. *See* U.S. CONST. amend VI.

### 1. Standard of Review

Because the Texas Supreme Court has held that juvenile delinquency proceedings are "quasi-criminal" in nature, we employ the criminal standard of review for analyzing the admissibility of evidence. *In re B.L.D.*, 113 S.W.3d 340, 351 (Tex. 2003); *In re D.A.S.*, 973 S.W.2d 296, 298 (Tex. 1998) (citing *In re Gault*, 387 U.S. 1, 30 (1967); *In re M.A.F.*, 966 S.W.2d 448, 450 (Tex. 1998)); *see In re U.G.*, 128 S.W.3d 797, 799-800 (Tex. App.–Corpus Christi 2004, pet. denied); *see also* TEX. FAM. CODE ANN. § 51.17(c) (Vernon Supp. 2008) (providing that the "Texas Rules of Evidence apply to criminal cases and Articles 33.03 and 37.07 and Chapter 38 of the code of criminal procedure apply in a judicial proceeding under this title").

We review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)). Because trial courts are in the best position to decide questions of admissibility, appellate courts uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Id.* An appellate court may not reverse a trial court's decision regarding the admissibility of evidence solely because the appellate court disagrees with the decision. *Id.*

Texas Rule of Appellate Procedure 44.2 outlines the standard of review for

9

reversible error in criminal cases. *See* TEX. R. APP. P. 44.2. According to the relevant rule, the court of appeals must reverse a judgment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment of the defendant. TEX. R. APP. P. 44.2(a). Moreover, if other properly admitted evidence proves the same facts, the error is harmless. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *see also Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998) (discussing the erroneous admission of inadmissible hearsay as non-constitutional error and noting that rule 44.2(b) mandates that the appellate court disregard non-constitutional error unless it affects appellant's substantial rights).[6]

### 2. Applicable Law

The Sixth Amendment of the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him . . . ." U.S. CONST. amend. VI. This procedural guarantee bars the admission of testimonial statements of a witness who does not appear at trial unless he is unavailable to testify and the defendant had a prior opportunity to cross-examine him. *Russeau v. State*, 171 S.W.3d 871, 880 (Tex. Crim. App. 2005).

Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d). A "matter asserted" includes any matter explicitly asserted, and any matter implied by a statement, if the probative value of the statement as offered flows from the

---

[6] A substantial right is affected when the error has a substantial and injurious effect or influence in determining the outcome. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

declarant's belief as to the matter. TEX. R. EVID. 801(c). Hearsay is generally not admissible except as provided by statute or rules. TEX. R. EVID. 802. The admission of hearsay evidence against a defendant implicates the Confrontation Clause because the defendant is not afforded the opportunity to confront the out-of-court declarant. *Simpson v. State*, 119 S.W.3d 262, 269 (Tex. Crim. App. 2003).

### 3. Discussion

On appeal, appellant takes issue with the disposition hearing testimony of John Cordona, an orientation caseworker and coordinator at Gulf Coast, and Suzana Saenz Ramos, an employee with the Hidalgo County Juvenile Probation Department.

### a. Cordona's Testimony

Cordona testified that he was appellant's caseworker while appellant was in the orientation phase of the program at Gulf Coast. Cordona further testified as to several incidents where appellant violated the rules of the program at Gulf Coast. In particular, Cordona noted that while appellant was at Gulf Coast, he hit a wall, tried to run away, ingested a large amount of Tylenol, and possessed a razor. These incidents were of particular concern because appellant had a history of engaging in self-mutilation. Appellant repeatedly objected to Cordona's testimony as inadmissible hearsay and a violation of the Confrontation Clause, arguing that Cordona did not have personal knowledge of the violations, and that he was merely relaying information told to him by others.[7] The State asserted that Cordona's testimony fell under the present sense impression exception to

---

[7] The trial court allowed appellant to maintain a running objection as to Cordona's testimony.

11

the hearsay rule.[8]  *See* TEX. R. EVID. 803(1).  The trial court overruled the majority of appellant's objections to Cordona's testimony addressing the alleged violations.

However, we need not address further the issue of the Cordona's testimony under the Confrontation Clause and hearsay rule, because any error in the admission of the testimony did not contribute to appellant's commitment to TYC.  *See Simpson*, 119 S.W.3d at 269; *see also* TEX. R. APP. P. 44.2(a).  In the *Simpson* decision, the Texas Court of Criminal Appeals conducted its harmless error review under rule 44.2(a) without first determining if the admission of the testimony was in fact erroneous.  *Simpson*, 119 S.W.3d at 269*.*  If the admission of the testimony had no impact on the decision rendered, then it is unnecessary to determine whether its admission was appropriate.  *Id.*  Likewise, we review the entire record to determine beyond a reasonable doubt whether the alleged error contributed to the outcome.  *See id.*; *see also* TEX. R. APP. P. 44.2(a).

The error, if any, in admitting Cordona's testimony was harmless because other properly admitted evidence proved the same facts.  *See Brooks*, 990 S.W.2d at 287; *see also Johnson*, 967 S.W.2d at 417.  Section 54.05 of the family code provides, in relevant part, that "[a]fter the hearing on the merits or facts, the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of other witnesses."  TEX. FAM. CODE ANN. § 54.05(e).  The record

---

[8] The present sense impression exception to the hearsay rule provides that "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter" is admissible even if the declarant is available to testify.  TEX. R. EVID. 803(1).  The safeguards of reliability for a statement of the declarant's present sense impression include:  (1) the report at the moment of the thing then seen, heard, etc., is safe from any error from defect of memory of the declarant; (2) there is little or no time for a calculated misstatement; and (3) the statement will usually be made to another (the witness who reports it) who would have the equal opportunity to observe and hence to check a misstatement. *Esparza v. State*, 31 S.W.3d 338, 342 (Tex. App.–San Antonio 2000, no pet.) (citing *Rabbani v. State*, 847 S.W.2d 555, 560 (Tex. Crim. App. 1992) (en banc)).

contains several reports from the Hidalgo County Juvenile Probation Department which stated that appellant "was ordered on Judicial Probation until his eighteenth birthday in the custody of Gulf Coast Trade[s] Center. [Appellant] attempted to harm himself on three separate occasions; Gulf Coast Trade[s] Center felt they could no longer meet his needs" and that appellant is currently detained at the Hidalgo County Juvenile Detention Facility.[9] Also contained in the record is Locke's "Summary of Adjustment." In this report, Locke detailed appellant's: (1) attempt to run away from the Gulf Coast facility; (2) possession of a razor, which the facility deemed as contraband; (3) intentional cutting of his right arm with a razor blade; and (4) expression that he wanted to kill himself when he was taken to the emergency room after confessing "to staff that he had taken some pills he had stored up from the nurse." Appellant did not object to either of these reports being included in the record. Moreover, Cordona's testimony mirrored these reports. Because section 54.05(e) of the family code allowed the trial court to consider other reports in the record which mirrored Cordona's testimony, we conclude that the error, if any, in admitting Cordona's testimony was harmless. *See id.*; *see also* TEX. R. APP. P. 44.2(a).

**b. Ramos's Testimony**

On appeal, appellant contends that Ramos "testified that she was being made aware of incidents by the Juvenile of breaking the rules through phone calls at the facility" and that her testimony was inadmissible hearsay and violated the Confrontation Clause. We note that the majority of appellant's argument as to this issue pertains to Cordona's testimony, and that appellant does not specify which statements Ramos made at the

---

[9] In addition, Norma Gonzalez, a court investigator at the Hidalgo County Juvenile Probation Office, testified that appellant is no longer at Gulf Coast. Appellant did not object to Gonzalez's testimony.

hearing that he wishes to challenge on appeal. In any event, Ramos testified generally at the disposition hearing as to appellant's alleged violations. In particular, Ramos stated that she was notified of the alleged violations via weekly phone calls that she received from Cordona and a "Mr. Reyes" at Gulf Coast. Appellant repeatedly objected to Ramos's testimony as inadmissible hearsay and in violation of the Confrontation Clause. The trial court overruled the majority of appellant's objections. However, once again, we conclude that the error, if any, in admitting Ramos's testimony was harmless because the evidence also included several unchallenged reports from the Hidalgo County Juvenile Probation Department, and Locke's "Summary of Adjustment," all of which mirrored Ramos's testimony. *See* TEX. FAM. CODE ANN. § 54.05(e); *see also* TEX. R. APP. P. 44.2(a). Accordingly, we overrule appellant's second issue on appeal.

### III. CONCLUSION

Having overruled both of appellant's issues on appeal, we affirm the judgment of the trial court.

DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 18th day of December, 2008.

14